IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REGINALD D. CLINTON,              )
                                  )
              Plaintiff,          )
                                  )
       v.                         )        1:23CV336
                                  )
PETER BUCHHOLTZ, et al.,          )
                                  )
              Defendant(s).       )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a pro se Complaint

(Docket Entry 2) with Attachments (Docket Entry 2-1) under 42 U.S.C. § 1983 and requests

permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a).  Plaintiff names

three prison administrators as Defendants in this case.  He seeks damages and injunctive

relief based on their alleged denial of his request to work outside of prison and their handling

of his grievances and complaints concerning this and, perhaps, other policies.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer

or employee of a governmental entity," this Court has an obligation to "review" this

Complaint.  28 U.S.C. § 1915A(a).  "On review, the court shall . . . dismiss the complaint,

or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is

immune from such relief."  28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

According to the Complaint, Plaintiff was housed at Sanford Correctional Institution at the time he filed this Complaint. The docket reflects that he almost immediately

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

transferred to a different facility. The Complaint names the warden of Sanford Correctional, Melanie Shelton, as a Defendant along with Assistant Warden Ramon Gutierrez and Peter Buchholtz, who the Complaint describes as a Director with the North Carolina Department of Adult Correction. The Complaint itself makes no real factual allegations, only conclusory assertions that Defendants violated Plaintiff's rights by denying his "right to participate in programs." (Docket Entry 2, § II(D).) Plaintiff's Attachments begin with a Statement of Facts as to each Defendant, although the contents are only marginally statements of facts rather than lengthier conclusory allegations.

As to Defendant Shelton, the Attachments allege that she is unapproachable, does not respond to complaints from inmates or their families, implements policies that violate policies of the Department of Correction, keeps "Elite Staff members" in key positions, and ignores complaints that they "target, harass, and agitate" inmates in mostly unspecified ways. (Docket Entry 2-1 at 2.) There is an allegation that one of the "Elite Staff" harasses inmates with strip searches, but there is no allegation that Plaintiff was harassed in this manner. (Id.) In the end, this "Statement of Facts" sets out no claim under § 1983, which allows for claims based on violations of the United States Constitution or federal statutes. The Statement of Facts references, at most, only violations of state prison policies or good management practices, neither of which support a claim under § 1983. It is also not clear from the Statement that the alleged events even relate to Plaintiff, as opposed to other inmates. Plaintiff cannot raise claims on behalf of other inmates.

Allegations raised in the Statements of Facts against the other two Defendants and contained in prison grievances filed in the Attachments after the Statements of Facts do shed further light on Plaintiff's claims. The Statement of Facts as to Defendant Buchholtz, alleges that Plaintiff spoke with Defendant Buchholtz during a visit to Sanford Correctional about the facility not having programs or allowing work release for sex offenders. (Id. at 1.) At Defendant Buchholtz urging, Plaintiff allegedly wrote him a letter detailing these concerns, but Buchholtz never responded. (Id.) Plaintiff allegedly again asked him about the issue during a later visit, gave him another copy of the letter, and received an assurance that Buchholtz would look into the matter. (Id.) However, Plaintiff again received no further response. (Id.) Plaintiff then wrote further letters to offices within the Department of Correction and to Defendant Shelton before filing a lengthy grievance concerning the matter. (Id.) The letters and grievance state generally that prisoners at Sanford Correctional who are classified as sex offenders, of which Plaintiff is one, are not allowed to participate in off-site work release or community volunteer assignments and that this practice violates federal law, specifically the Fifth Amendment of the United States Constitution, 18 U.S.C. § 3621, 18 U.S.C. § 4248, and 34 U.S.C. § 60501. (Id. at 4-22.) Plaintiff asks to participate in those programs or be transferred to a facility that would allow such participation. The Statement of Facts as to Defendant Gutierrez alleges that Plaintiff also spoke to him concerning this issue, that Gutierrez promised to take care of it, and that Plaintiff never received a response. (Id. at 3.) It further alleges that Plaintiff later suffered harassment and retaliation, but sets out no specifics as to this allegation. (Id.) Plaintiff attaches a prison grievance detailing

-4-

incidents related to a canteen supervisor who is not named as a Defendant in the case and a complaint he filed about a general practice of a kitchen supervisor, but nothing ties the events set out in the grievances to Plaintiff or his request to participate in work release programs. (Id. at 23-34.)

Taken as a whole and read in the light most favorable to Plaintiff, the Complaint, Attachments, and exhibits allege a claim that Defendant Shelton established a policy preventing sex offenders such as Plaintiff from participating in a work release or similar programs outside Sanford Correctional, that this practice violates Plaintiff's federal rights, and that Plaintiff asked Defendants Buchholtz and Gutierrez to intervene but they declined to do so. Taking those facts as true at this time, they are still not sufficient to state a claim under § 1983.

A plaintiff "is not entitled to have his classification and custody level 'lowered' or to receive a transfer to another [ ] prison. There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution [or] at [a] particular custody level." Merriweather v. Reynolds, 586 F. Supp. 2d 548, 557 (D.S.C. 2008) (citing cases). Further, prisoners also do "not have a constitutionally protected liberty or property interest in [a] prison job." Backus v. Ward, No. 98-6331, 1998 WL 372377, at *1 (4th Cir. June 8, 1998) (unpublished) (citing Bulger v. U.S. Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995)). At least in certain limited contexts, such as an early release or extremely harsh prison conditions, a state may create a liberty interest that applies to a prisoner and gives certain rights. See Pervia v. Hogan, Civil Action No. ELH-19-0327, 2020 WL 1332002, at *1 (D.

Md. Mar. 23, 2020) (discussing cases). However, those situations do not apply here and, in any event, Plaintiff cites no state-created liberty interest in this case. Instead, his grievances mention the Fifth Amendment of the Constitution and the federal statutes listed above. However, the statutes Plaintiff cites do not entitle him to work release. Instead, 18 U.S.C. § 3621 addresses prisoners incarcerated in the United States Bureau of Prisons, as opposed to state prison systems and 18 U.S.C. § 4248 pertains to persons civilly committed as sexual dangerous persons while incarcerated in the United States Bureau of Prisons. The third statute cited by Plaintiff, 34 U.S.C. § 60501, does relate generally to aiding states establish proper rehabilitation programs for offenders in their custody. However, nothing in that statute remotely suggests a requirement that sex offenders have any entitlement to work-release. Therefore, Plaintiff cannot base a claim on these statutes.

Any claim under the Fifth Amendment also fails. Plaintiff's invocation of that Amendment appears to be an attempt at a claim that Defendants violated his rights to equal protection under the law by treating him differently than inmates who are not sex offenders. If so, this also fails. To succeed on an equal protection claim, as extended to state governments by the Fourteenth Amendment of the United States Constitution, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Here, Plaintiff alleges that Defendants treated him differently from non-sex offender inmates. However, his status as a sex offender means that he is not similarly situated to those inmates. Further, a

-6-

prisoner's status as a sex offender is a valid basis for excluding that person from work release that does not violate equal protection guarantees. <u>Fauconier v. Virginia</u>, 1:22cv460, ___ F. Supp. 3d ___, 2023 WL 35213, at *5 (E.D. Va. 2023) (citing <u>Mahfouz v. Lockhart</u>, 826 F.2d 791, 794 (8th Cir. 1987). Plaintiff's claims fail and his Complaint should be dismissed.

In addition to the Complaint, Plaintiff also filed a Motion (Docket Entry 3) seeking a temporary restraining order forcing Defendants to allow him to participate in work release. This should be denied in light of the recommended dismissal of his Complaint.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $13.33. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $13.33.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of June of 2023, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A

for failing to state a claim upon which relief may be granted and that Plaintiff's Motion

(Docket Entry 3) seeking a temporary restraining order be denied.

This, the 19th day of May, 2023.


                                                /s/ L. Patrick Auld
                                                    **L. Patrick Auld**
                                     **United States Magistrate Judge**