IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REGINALD D. CLINTON,            )
                                )
          Plaintiff,            )
                                )
     v.                         )     1:23CV336
                                )
PETER BUCHHOLTZ, et al.,        )
                                )
          Defendants.           )

## ORDER

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on May 19, 2023, was served on the parties in this action. (Docs. 5, 6.) Plaintiff filed an objection to the Recommendation. (Doc. 7.)

In his objection, Plaintiff effectively abandons his original claims and attempts to raise a new claim that prison officials discriminated against him by denying his requests to transfer to another prison that would permit his participation in community service and work-release programs even though they allegedly granted similar requests from "[a]t least three other prisoners at [his previous facility] who were convicted of sex offenses." (Doc. 7 at 2; see id. at 1-4.) "In some circumstances, a party can base an equal protection claim on a 'class-of-one' theory of liability by showing that he was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment." Kuplen v. Perry,

No. 1:14cv109, 2014 WL 1672570, at *5 (M.D.N.C. Apr. 24, 2014) (brackets and certain internal quotation marks omitted), report and recommendation adopted, No. 1:14cv109, 2014 WL 2212174 (M.D.N.C. May 28, 2014). "However, courts approach class-of-one claims with caution, particularly where a decision involves a great deal of discretion, because of the danger of turning all government decisions into constitutional causes of action." Id. (internal quotation marks omitted); see also, e.g., United States v. Moore, 543 F.3d 891, 901 (7th Cir. 2008) (explaining that "the class-of-one theory is better suited to those contexts involving a clear standard against which departures, even for a single individual, could be readily assessed" (brackets and internal quotation marks omitted)). "In other words, a class-of-one equal protection theory is a 'poor fit' where the challenged governmental action is the product of a broadly discretionary decision-making process." Kuplen, 2014 WL 1672570, at *5 (certain internal quotation marks omitted). "The decision by prison officials of whether or not to [transfer an inmate among facilities] represents just such an action." Id. Accordingly, Plaintiff's proposed equal protection claim fails. See id. (collecting cases).

The court has conducted a de novo review of the Magistrate Judge's report to which objections have been made and is in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that Plaintiff's Motion (Doc. 3) is DENIED and that this action is DISMISSED pursuant to 28 U.S.C.

2

§ 1915A for failing to state a claim upon which relief can be granted.

/s/ Thomas D. Schroeder<br>United States District Judge

June 23, 2023